UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KELLEY COELHO, | No. 2:24-cv-2431 TLN AC PS |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES ARMY RESERVES, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. The case was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff filed a complaint and paid the filing fee on September 6, 2024. ECF No. 1. It appears that plaintiff is attempting to sue the U.S. Army and several individuals who appear to be officers in the Army, though this is not entirely clear from the complaint. Id. at 1-6. A summons and scheduling order was issued, directing plaintiff to serve a copy of the scheduling order and to complete service of process within 90 days of filing the complaint. ECF Nos. 2, 3. Plaintiff was cautioned that failure to complete service within 90 days may result in dismissal pursuant to Fed. R. Civ. P. 40(m). Id. On October 3, 2024, plaintiff filed a document containing several proofs of service, indicating she served several of the defendants with the "summons and ADA letter" by mail. ECF No. 4.

////

1

On December 3, 2024, the undersigned issued an Order to Show Cause notifying plaintiff that the documents she filed indicated that service on defendants was not effective. On December 10, 2024, plaintiff filed two additional proofs of service (ECF Nos. 8, 9) and on December 16, 2024, she filed a written response to the Order to Show Cause. ECF No. 10. On February 2, 2025, the court issued a Second Order to Show Cause, again informing plaintiff that her service of process was inadequate. The court informed plaintiff that her attempt at service did not comply with Federal Rule of Civil Procedure 4(i), which outlines the rule for serving the United States, as well as its agencies and employees. ECF No. 11 at 2. The undersigned ordered plaintiff to properly complete service and file a notice with the court regarding service no later than February 13, 2025. Id. at 3. Plaintiff was cautioned that if she did not respond, this case would be dismissed without prejudice for failure to prosecute. Id. Plaintiff did not respond. Accordingly, the court recommends dismissal for failure to prosecute.

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). Because this case cannot move forward without plaintiff's participation, the court finds the factors weigh in favor of dismissal.

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order. See Fed. R. Civ. P. 41(b); Local Rule 110. These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d).

////

////

1  Plaintiff is advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: February 19, 2025

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE